ALVERSON, TAYLOR,
MORTENSEN & SANDERS
KURT R. BONDS, ESQ.
Nevada Bar #6228
MATTHEW M. PRUITT, ESQ.
Nevada Bar #12474
7401 W. Charleston Boulevard
Las Vegas, NV 89117
(702) 384-7000
efile@alversontaylor.com
Attorneys for Caroline Schaefer

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CAROLINE SCHAEFER,<br><br>              Plaintiff,<br>vs.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC., a California corporation; DARRYL TROY PARTIN, an individual; ROE BUSINESS ENTITIES I through X, inclusive; and DOES I through X, inclusive.<br><br>              Defendants. | 2:14-cv-01900-GMN-CWH<br><br>**PARTIAL MOTION TO DISMISS DEFENDANT DARRYL TROY PARTIN'S COUNTERCLAIMS AND TO EXTEND TIME FOR FILING OF PLAINTIFF'S ANSWER AND ORDER THEREON** |

**PARTIAL MOTION TO DISMISS DEFENDANT
DARRYL TROY PARTIN'S COUNTERCLAIMS
AND TO EXTEND TIME FOR FILING OF PLAINTIFF'S ANSWER**

COMES NOW Plaintiff, Caroline Schaefer ("Caroline"), by and through her counsel of record, ALVERSON, TAYLOR, MORTENSEN & SANDERS, and hereby moves the Court to dismiss Defendant Darryl Troy Partin's first, third and fourth counterclaims. Plaintiff also requests an extension of time for filing her answer to Defendant's remaining counterclaim, until ten days after the time this Court rules on this Partial Motion to Dismiss.

///

1                                                                                                              KB/21259

This Motion is made and based upon the pleadings and papers already on file, the memorandum of points and authorities contained herein, any exhibits hereto and any oral argument as may be requested by the Court.

DATED this ___ day of July, 2015.

ALVERSON, TAYLOR,
MORTENSEN & SANDERS

/s/ Matt Pruitt
KURT R. BONDS, ESQ.
Nevada Bar #6228
MATTHEW M. PRUITT, ESQ.
Nevada Bar #12474
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Attorneys for Caroline Schaefer

## POINTS AND AUTHORITIES

### INTRODUCTION

Defendant seeks to bring claims against Caroline, which, in addition to being unfounded, are also unrelated to this matter and should not be allowed in this matter due to a lack of supplemental jurisdiction. Domestic disputes over paying of rent and return of a bicycle have no place in a sexual harassment case dealing with workplace conduct. These claims are neither of the same case and controversy nor do they involve any common nucleus of operative fact.

### LEGAL ANALYSIS

**NO SUPPLEMENTAL JURISDICTION EXISTS FOR MANY OF DEFENDANT PARTIN'S CLAIMS TO BE HEARD IN THIS COURT**

Defendant Partin brings two counterclaims, for conversion and breach of contract/promissory estoppel, which have nothing to do with this case and controversy, and which lack the required supplemental jurisdiction to be asserted as counterclaims herein.

> "...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[1]

A counterclaim brought without an independent basis for jurisdiction must be of the "same case or controversy" to receive the supplemental jurisdiction required for this Court to hear it. The same case or controversy requirement "is met where the claims share a 'common nucleus of operative fact'."[2]

All operative facts in this case revolve around Caroline's work at Diamond and her termination from Diamond. Even Caroline's claims against Partin are based upon workplace conduct. This Court is not the proper place to handle domestic disputes such as splitting of rent and utilities and return of a bicycle. These claims are best brought in a state small claims court.

Partin's claim for conversion claims only that Schaefer took his mountain bike and refuses to return it, and that Partin is unable to ride the mountain bike recreationally or use it as an alternate form of transportation. This has nothing to do with the outstanding claims, and, importantly, has no common nucleus of operative fact with the Title VII claims which give this Court its jurisdiction.

Partin's claim for breach of oral contract, and his claim for promissory estoppel which he joined in the same cause of action, alleges only that after Partin and Schaefer moved to Las Vegas that Schaefer agreed to pay a portion of rent and utilities each month, and that she did not pay such for July and August of 2013. Again, these claims do not contain any common nucleus of operative fact with Caroline's Title VII claims, or any other claims in this matter. The operative facts surrounding these claims include an alleged oral contract supposedly entered into

---

[1] 28 USC 1367.
[2] *Nelson v. County of Sacramento*, 926 F.Supp.2d 1159, 1170 (*quoting Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002).

KB/21259

before Partin and Schaefer even worked together at Diamond. The operative facts involve domestic agreements and conduct unrelated to the workplace, and completely unrelated to Caroline's Title VII claims.

**PLAINTIFF REQUESTS AN EXTENSION OF TIME TO FILE HER ANSWER TO ANY OF DEFENDANTS' REMAINING COUNTERCLAIMS**

While Plaintiff believes that her time to Answer is automatically stayed until the decision on this Motion to Dismiss, she acknowledges that there is a split in authority on this issue, in the case of a partial motion to dismiss. The majority view is that a Defendant's time to answer is automatically extended by filing a Motion to Dismiss.[3] The minority view states the opposite.[4] Given the split in authority, and that Plaintiff has found no authority on point in the 9th Circuit, Plaintiff asks that this Court formally grant a 21-day extension of time to file her Answer to any remaining Counterclaims, commencing from the date a dispositive Order is entered on this Motion.

///

///

///

///

///

---

[3] See Business Incentives Co. v. Sony Corp., 397 F.Supp. 63 (S.D.N.Y. 1975).
[4] See Gerlach v. Michigan Bell Tel. Co., 448 F.Supp. 1168 (E.D. Mich. 1978).

KB/21259

## CONCLUSION

Plaintiff, Caroline Schaefer, hereby requests that this Honorable Court Dismiss Defendant Darryl Troy Partin's Counterclaims of Conversion, Breach of Oral Contract and Promissory Estoppel, as such fail to have supplemental jurisdiction under 28 USC 1367. Further, Plaintiff respectfully requests an extension of time of 21 days to file her Answer to any remaining Counterclaims from the date a dispositive Order is entered on this Motion.

DATED this 10 day of July, 2015.

ALVERSON, TAYLOR,
MORTENSEN & SANDERS

/s/ Matt Pruitt
KURT R. BONDS, ESQ.
Nevada Bar #6228
MATTHEW M. PRUITT, ESQ.
Nevada Bar #12474
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Attorneys for Caroline Schaefer

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court

**DATED:** 07/31/2015.

N:\kurt.grp\CLIENTS\21200\21259\pleading\Partial MTD.doc

KB/21259